IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-1279 |
| | ) | |
| FIRST ADVANTAGE BACKGROUND | ) | |
| SERVICES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the plaintiff, JOSE LOPEZ, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against FIRST ADVANTAGE BACKGROUND SERVICES CORP., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOSE LOPEZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. FIRST ADVANTAGE BACKGROUND SERVICES CORP., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third parties.

7. Defendant is registered as a corporation in the State of Illinois and has its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. On or about July 1, 2019 Plaintiff applied for a position of employment with FEDEX/NORTHWEST EXPRESS (hereinafter, "FedEx").

18. Subsequent to submitting his application of employment FedEx offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

19. As part of its routine background check on its prospective employees, FedEx requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20. On or about July 1, 2019, Defendant prepared and sold a consumer report to FedEx, purportedly regarding the character and general reputation of Plaintiff.

21. The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of robbery and fear of imminent bodily injury, resulting in a 7-year jail sentence.

22. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

23. The inaccurate information of which Plaintiff complains is a putative felony conviction for robbery and fear of imminent bodily injury

24. Plaintiff has never been tried or convicted of any of the offenses that appeared in the background report prepared by Defendant and sold to FedEx.

25. Specifically, Plaintiff asserts that Defendant mismatched criminal background history with another individual named Jose Lopez, that he is not said individual, and that he has never been convicted of the offenses as reported by Defendant.

26. Indeed, notwithstanding the fact that Defendant had information in its possession to show that Plaintiff's middle initial was "L", and notwithstanding the fact that Defendant ostensibly conducted a search of criminal records using that information, Defendant inexplicably included information in the report pertaining to another individual named Jose Lopez and with a middle initial of "A".

27. Plaintiff was applying for a driving job with FedEx and had supplied FedEx with his driver's license, with showed his middle initial name was Luis. Notwithstanding this fact, Defendant proceeded to include erroneous information in the report it sold to FedEx pertaining to Jose A. Lopez.

28. Furthermore, Defendant's report shows that Defendant ostensibly conducted a search using the name Jose L. Lopez yet permitted inaccurate criminal record information pertaining to Jose A. Lopez to be include in the report it sold to Plaintiff's potential employer.

29. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third parties, including FedEx.

30. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

31. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

32. As of the result of the inaccurate information reported by Defendant to FedEx, Plaintiff was not offered the position of employment.

33. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information regarding an unknown third party that did not have the same middle initial as Plaintiff, and further did not match other basic identifiers with Plaintiff.

34. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to FedEx and other unknown third parties.

35. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

36. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

37. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

38. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully

above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSE LOPEZ, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Punitive damages;

    d.     Plaintiff's attorneys' fees and costs; and,

    e.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOSE LOPEZ**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: February 21, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:      (888) 418-1277
E-Mail:         dmarco@smithmarco.com